NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

OVID GILBERT, PETITIONER, v. BOARD OF CHOSEN FREE-
HOLDERS COUNTY OF BERGEN, RESPONDENT.

A petition having been filed in the above-stated cause, praying for the compensation to which the petitioner may be entitled, by virtue of the terms and provisions of an act of the legislature of the State of New Jersey, entitled "An act prescribing the liability of an employer to make compensa-

tion for injuries received by an employe in the course of employment, establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, and the several acts amendatory thereof and supplemental thereto; and a time and place having been fixed for the hearing of said petition, and petitioner and respondent having appeared on August 11th, 1927, before deputy commissioner Harry J. Goas, at the court house in Hackensack, New Jersey, the petitioner by David Harrison and respondent by Florence M. Brown, and testimony having been taken, I do find and determine as follows:

Petitioner, Ovid Gilbert, was employed as a porter and handy man at the Bergen Pines Isolation Hospital of Bergen county, located at Oradell, New Jersey. He worked under the direction and supervision of the warden of that institution, Guy McKellop. On March 28th, 1927, petitioner was engaged during the morning in carting garbage to the disposal plant on the hospital grounds and that afternoon was detailed by Mr. McKellop to carry loads of dirt from one part of the grounds to another section of the grounds which was being filled in. Petitioner was driving a Ford truck. He got one load of dirt and was sent back by Mr. McKellop to get another load. This was at about one or one-thirty P. M. The task should have taken about thirty to forty-five minutes, and when petitioner did not return in that time, Mr. McKellop went looking for him and seached all over the hospital grounds but could not find him. About two and a half hours later petitioner, Gilbert, was brought in with his right ankle broken and showing signs of having been drinking.

In the meantime on the way to get the second load of dirt for Mr. McKellop, petitioner met one William Roberts, employed as electrician, who some times in the absence of Mr. McKellop from the institution gave certain orders, acting, as he described it, "as Mr. McKellop's mouthpiece." On this afternoon he met Gilbert and said to him, "we will go to Madden's for some cider. If you do not want to stay you can bring the truck back." As a matter of fact they went to

Madden's, which was about a mile away and outside of the hospital grounds, and remained there for about two and a half hours. There, as Mr. Roberts himself testified, he and petitioner and another man bought and drank about a quart of wine and a gallon of cider. Roberts admitted he was intoxicated. Petitioner might have been intoxicated but it is not necessary to pass on that point.

On the way back from Madden's, at about four P. M., Roberts, who was driving, lost control of the car and ran it into a ditch at the side of the road. To avoid serious injuries Gilbert jumped from the truck, breaking his right ankle. Roberts and the other man who remained on the truck escaped with a few scratches.

I am of the opinion that the petitioner, in not obeying the explicit instruction of Mr. McKellop, went out knowingly with Mr. Roberts on what might be termed a joy ride or joy expedition to the Madden farm house for the purpose of obtaining drinks, thereby taking himself out of the employment, and that, therefore, the accident did not occur in the course of and out of his employment.

\*      \*      \*      \*      \*      \*      \*

HARRY J. GOAS,
*Deputy Commissioner.*